IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN JAY MANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 96-CR-40031 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on John Jay Manley's Petition for Issuance of Writ of Audita Querela (Doc. 620). In this pleading, Manley seeks to have his conviction vacated on a number of grounds. Manley has also filed a "Mitigation Memorandum" (Doc. 621) in which, among other things, he requests that this Court hold its decision on his petition for Issuance of Writ of Audita Querela pending a ruling by the Supreme Court of the United States in *State v. Recuenco*, 154 Wash.2d 156, 110 P.3d 188 (Wash. 2005), *cert granted*, 74 U.S.L.W. 3050 (U.S. Oct. 17, 2005) (No. 05-83).

In 1997, this Court sentenced Manley to 353 months' imprisonment after a jury found him guilty of conspiring to distribute marihuana and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, attempting to kill with the intent of preventing the victim from communicating with law enforcement in violation of 18 U.S.C. § 1512(a)(1)(C), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Case No. 96-cr-40031, Doc. 422) The Seventh Circuit affirmed the Court's decision on March 25, 1999. *United States v. Smith*, 175 F.3d 1021 (7th Cir. 1999) (unpublished decision). Manley filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on September 28, 2000 (Case

No. 00-cv-4252-JPG, Doc. 1), which this Court denied on November 4, 2003 (00-4252, Doc. 21).

In his pleading, Manley claims the Court did not have jurisdiction over him when it sentenced him in October 1997 because his indictment was constitutionally insufficient.  Though Manley has captioned his pleading as a Petition for Issuance of a Writ of Audita Querela, it is, in substance, a collateral attack on his conviction which must be pursued under 28 U.S.C. 2255. *United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005) ("Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment . . . the name makes no difference.  It is substance that controls.").

Manley has already filed one collateral attack on his conviction, and under *Lloyd*, this Court must construe Manley's pleading as a second or successive collateral attack.  398 F.3d at 980.  Because Manley has failed to show that he has been granted leave to file such successive collateral attack, the Court must dismiss this action for want of jurisdiction.  28 U.S.C. § 2255; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  Further, as the Court lacks jurisdiction in this matter, Manley's Mitigation Memorandum must be dismissed as well.  To pursue the claims presented in his pleading, Manley must request leave to do so from the Seventh Circuit Court of Appeals in Chicago, Illinois. This application must be prepared in accordance with Circuit Rule 22.2.

Manley's  Petition for Issuance of Writ of Audita Querela and Mitigation Memorandum are **DISMISSED for want of jurisdiction.**

    **IT IS SO ORDERED.**

    Dated: January 5, 2006.

                                          **/s/ J. Phil Gilbert**
                                          **J. PHIL GILBERT**
                                          **U.S. District Judge**