IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. MANLEY, )<br>)<br>   Plaintiff, )<br>)    96-CR-40031-JPG<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Defendant. ) | |

### **MEMORANDUM AND ORDER**

Before the Court is John J. Manley's motion to proceed *in forma pauperis* on appeal. (Doc. 626).

On January 5, 2006, this Court dismissed Manley's Petition for Issuance of Writ of Audita Querela (Doc. 620) for want of jurisdiction. (Doc. 622). The Court construed Manley's petition as a successive collateral attack, and dismissed it because Manley failed to show that he had been granted prior approval to file his motion by the Seventh Circuit. On January 20, 2006, Manley filed a notice of appeal. (Doc. 623). Now, Manley has filed a motion to proceed *in forma pauperis* on appeal. Manley, however, has not filed a statement of the issues that he intends to pursue on appeal as required by Federal Rule of Appellate Procedure 24(a)(1)(C).

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

As a general rule, without a statement of the issues that the applicant intends to pursue on appeal, the Court cannot determine whether an appeal would be frivolous. In this case, however, the Court cannot conceive of any reasonably arguable claim available to Manley. Manley cannot argue the merits of his petition because this Court did not deny it on the merits. Rather, this Court denied his petition due to lack of jurisdiction. This Court may address a second or successive § 2255 motion only if the motion is approved by the Seventh Circuit. In this case, there is no doubt that White failed to seek such approval before filing his motion.

For the reasons discussed above, Manley's motion to proceed *in forma pauperis* (Doc. 626) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 7, 2006**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**U.S. District Judge**