IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 96-cr-40031-JPG |
| | ) | |
| JOHN JAY MANLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant John Jay Manley's *pro se* Motion for Hearing on Post-Judgment Execution (Doc. 649).  In his motion, Manley opposes the Government's Application for Writ of Execution (Doc. 645), wherein the Government seeks to collect on unclaimed monetary property of Manley's in order to partially satisfy the outstanding judgment entered in this case.  Specifically, Manley seeks a hearing on whether such property is exempt from collection, transfer of said hearing, if granted, to a venue near Manley, and appointment of counsel to assist in future relevant proceedings.  As a matter of background, the unclaimed property at issue is listed on the Illinois State Treasurer's Cashdash website, which lists its value as between $10 and $100.

Pursuant to 28 U.S.C. § 3014(b)(2), a debtor "may request a hearing on the applicability of any exemption claimed by the debtor [in response to writs of execution filed by the Government with respect to certain property]."

Here, Manley did not claim an exemption regarding his property, although the Clerk's Office afforded him a list of possible exemptions in its Notice of Post-Judgment Execution (Doc. 647).  Rather, Manley "assert[ed] that one or more of the acceptable exemptions under federal law 18 U.S.C. § 3613 apply to the property being sought . . . and [that he was] not . . . in the condition to determine the specific exemptions that apply and [he would] attempt to do so within a reasonable time prior to the hearing."  (Doc. 649, ¶ 10).

Manley's vague motion in opposition to the Government's writs lacks the specificity required for a hearing under § 3014(b)(2).  The Court and the Government need to be advised of which exemption(s), if any, Manley intends to claim if a hearing is to be held on the matter.  Accordingly, the Court **DENIES** the instant motion (Doc. 649) but **GRANTS** Manley leave to re-file his exemption form and to request any other relevant relief.  Manley shall have up to and including November 27, 2009, to claim any exemptions.  The Court **DIRECTS** the Clerk of Court to mail the Claim for Exemption Form to John Manley, #03679-025, Federal Medical Center, P.O. Box 14500, Lexington, Kentucky 40512.

**IT IS SO ORDERED.**
**Dated: November 6, 2009**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**